THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE LEE BROWN, Defendant-Appellant.

(No. 72-87;

Second District—April 24, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

In a jury trial the defendant was convicted of voluntary manslaughter for killing the deceased, Edra Lou Scott, his common law wife, during the early morning hours of July 3, 1971, and was sentenced to 3-10 years in the penitentiary.

The family consisted of the decedent, her three children and the defendant. Prior to the shooting on July 3, 1971, the defendant was the

sole support of the household. On July 2, 1971, the defendant took the decedent, her daughter, and son Daryle shopping. After shopping the decedent and the defendant went to the home of Edna Shelton, the decedent's sister, where they drank beer and vodka. During this time Minnie Pearl Spears came to Mrs. Shelton's home and showed her caesarean operation scar to the decedent and her sister, and offered to exhibit it to the defendant who said he did not wish to see it. After Miss Spears left, Mrs. Scott argued with the defendant and accused him of having an affair with Miss Spears. After drinking some more, the parties went to another home to inquire about a security guard's job at the Zion Benton hospital. The decedent, Mrs. Scott, refused to allow the defendant to take the job and her reason was she did not want him in contact with all those women. The parties apparently laughed at the decedent who became angry with the defendant for his participation in the laughter toward her. Mrs. Shelton, Mrs. Scott, and the defendant left at about 9:00 P.M., returned to the home of the parties where the decedent and the defendant continued their arguments as to her jealousy and suspicion of the defendant carrying on additional affairs at their home. At about 3:30 A.M., after Mrs. Shelton left, the decedent and defendant started arguing and defendant testified that decedent shouted she was going to kill defendant. Defendant testified the decedent pulled a knife from her purse, he disarmed her and she went to the kitchen and obtained another knife which he took from her without any physical harm being inflicted on defendant. The argument awakened Karla Scott, the twelve year old daughter of the deceased, who came into her mother's bedroom and saw the defendant and her mother fighting. Defendant stated decedent got the revolver and in the struggle that ensued, she was shot. However, the daughter testified that after the parties were separated from fighting, defendant went to the bed, got a gun from under the mattress and shot the decedent. Defendant was charged with both voluntary manslaughter and involuntary manslaughter.

Defendant was arrested on July 3, 1971 and incarcerated. A preliminary hearing was not had but defendant was indicted on July 12, 1971, nine days later.

The first contention of the defendant is that the indictment was void for failure to give the defendant a preliminary hearing. The 1970 Constitution took effect three days before the instant offense. Article 1, Section 7 of the Illinois Constitution (1970) provides:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury

or the person has been given a prompt preliminary hearing to establish probable cause."

■■ While not raised by defense counsel, the first question we consider is whether the delay of 9-10 days between the time of apprehension and the indictment by the Grand Jury is in contravention of the 1970 constitutional provision. This question is ordinarily presented where a confession is elicited during the detention. That is not the case before us. In *People v. Price* (1962), 24 Ill.2d 46 at 56, 179 N.E.2d 685, the Supreme court stated:

> "However, this court has held that mere illegal detention in the absence of other coercive circumstances does not constitute a denial of due process, particularly where the accused is neither illiterate nor uninformed as to police practices, and has had previous criminal experience. [Citation.]"

In *People v. Bernatowicz* (1966), 35 Ill.2d 192, 220 N.E.2d 765, the defendant contended that a delay of nine days from the time of incarceration to the return of the indictment constituted cruel and unusual punishment by informally extending the defendant's sentence. The Supreme Court found no merit to that contention. We therefore hold that the incarceration of the defendant for a period of 9-10 days before he was indicted *does not constitute denial of due process.*

■■ The next question confronting us raised by defense counsel is that the defendant was entitled to a preliminary hearing. Prior to the adoption of the 1970 Constitution, the courts of Illinois uniformly held that an accused was not entitled to a preliminary hearing as a matter of right and could be indicted directly. Since the adoption of the 1970 Constitution, the Supreme Court of Illinois has expressly ruled on the question of whether or not the accused is so entitled under the new Constitution. In *People v. Hendrix,* No. 44688, April 2, 1973, the Supreme Court specifically ruled on this question. In *Hendrix* there is some confusion as to the actual date of arrest of the accused but he was brought before the Circuit Court on August 18, 1971, and a preliminary hearing was ordered. It appears however, that the State's attorney took the case directly to the grand jury and the defendant was indicted the next day on August 19th. The defendant filed a motion to dismiss the indictment on the ground that he had been originally charged by a criminal complaint and that he was entitled to a preliminary hearing. The Supreme court in quoting Sec. 7 of Article I of the 1970 Constitution stated that in order to prosecute the defendant he had to be indicted. The court then held that no constitutional right of defendant was violated by failure to have a prompt preliminary hearing. Summarizing the holding of the court in

*Hendrix* it would appear that the substance of the court's holding was that it was not necessary to afford an accused a preliminary hearing, and that he could under the 1970 Constitution be indicted directly by the grand jury. Likewise, in *People v. Kent*, Docket No. 44864, September Term, 1972, the court stated that the 1970 constitutional reference (see above) to a right to a preliminary hearing was new. The court then went on to examine the record of proceedings of the Constitutional convention and concluded that the history of the evolution of this constitutional provision negated any thought that the defendant could not be subsequently indicted, even after no probable cause was found in the preliminary hearing proceedings. We therefore conclude a defendant under the 1970 Constitution may be indicted directly by the grand jury without the necessity of a preliminary hearing.

This court, in *People v. Spera* (1973), 10 Ill.App.3d 305, 293 NE.2d 656, also held under the 1970 Constitutional provisions, Art. 1, Sec. 7, that a defendant could be indicted directly without a preliminary hearing.

The defendant contends that the evidence was not sufficient to prove him guilty beyond a reasonable doubt of voluntary manslaughter. The testimony corroborates the eye witness account of the shooting. The State called an expert witness, Miss Komar, who testified she examined the blouse decedent was wearing and the gun used in the shooting, and it appeared there was no powder residue on the blouse near the bullet hole. The only thing that was not done was to perform a chemical test to determine what the substance was around the bullet hole. In Miss Komar's opinion the smudge was not powder residue from the bullet being fired close to the body. From her tests it appeared decedent was shot at a range greater than four feet from the body, indicating little or no powder residue around the bullet hole. It further appeared from the position of the body and the angle of the shot entering the body, decedent was shot from a distance. The eye witness's testimony at the trial varies from the statement she gave after the shooting, but her account that it was the defendant who shot her mother never wavered.

Defendant contends the twelve year old daughter of the decedent, Karla Scott, was incompetent to testify. When she was called she gave the preliminary information as to her name, age, date of birth, name of school, and was asked whether she knew what she did when she took the oath. She replied that she did. Thereupon, the defendant's attorney objected, and the court outside the presence the jury asked the defendant's attorney if there were any question about her ability to understand the oath. The defendant's attorney said "No." Thereupon, counsel proceeded with the testimony of the twelve year old witness.

In *People v. Matthews* (1959), 17 Ill.2d 502, 162 N.E.2d 381, defendant was found guilty of taking indecent liberties with a six year old child who testified at the trial. The court stated at page 506:

> "* * * Moreover, the defendant has the duty to raise an objection to the competency of a child as a witness at the time of the trial, and the question cannot be raised for the first time on appeal. (*People v. Mueller*, 2 Ill.2d 311.) The record fails to reveal any move to exclude the testimony of this child during the trial. We cannot now consider a question as to her competency."

Defendant has cited *People v. Sims* (1969), 113 Ill.App.2d 58, 251 N.E.2d 795. *Sims* is factually distinguishable from the instant case, as no real effort was made to ascertain the competency of the minor witness and the defendant objected to the testimony which was not done in the case before us.

The other cases cited by defendant are also distinguishable but indicate the judge must be satisfied that the witness is sufficiently mature to testify.

In *People v. Ballinger* (1967), 36 Ill.2d 620, 225 N.E.2d 10, the court stated at 621-622:

> "* * * The well-established rule is that it is not age but the degree of intelligence of a child which determines the question of his competency to testify, and if the witness is sufficiently mature to receive correct impressions by his senses, to recollect and narrate intelligently and to appreciate the moral duty to tell the truth, the witness is competent. [Citation.] The competency of such a witness is to be determined by the trial judge and, while his decision is reviewable, it is only where there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reversed. [Citations.]"

It would appear from the record that the inquiry as to witness' competency, though brief, was held by the judge and the defendant waived any objection to the preliminary inquiry when he did not object. From the cross examination and testimony of the witness it would appear that she did understand the oath and was able to testify adequately before the judge and jury. We do not find an abuse of the trial judge's discretion to permit her to testify.

The last contention of the defendant is that the trial court committed prejudicial error by the submission of IPI jury instructions, criminal, 7.03 and 7.07. Defendant insists that these instructions are improper as they do not include the phrase "without lawful justification" which is one of the elements found in the definition of both voluntary and involuntary manslaughter. Ill. Rev. Stat. 1971, Ch. 38, Sec. 9—2 (a) and 9—3 (a).

■■ The State cites *People v. Harvey*, 53 Ill.2d 585, where the Supreme court of Illinois in interpreting varied opinions of the Appellate court determined that an indictment was sufficient where they are couched in statutory terms and sufficient to inform the defendant of the charge. The question before us does not deal with the indictment. It concerns the question as to whether or not "without lawful justification" found in the indictment should be included in the instructions. We believe not. As the State points out, the phrase "without lawful justification" undoubtedly refers to those situations involving self defense in one form or another.

■■ In further support of the allegation of defendant that the evidence did not prove him guilty beyond a reasonable doubt defendant has raised the alternative theory that either the shooting was accidental or that the defendant acted in self defense. The argument of self defense is intertwined with defendant's contention relative to the instructions as discussed above. The issue of self defense has been raised for the first time in this appeal. The defendant produced no evidence of self defense at the trial and made no objection to the instructions at the conference on instructions. The whole theory of defendant's defense at the trial was that the decedent either shot herself or was killed because of an accidental discharge of the pistol in question. We have repeatedly held that a new theory of defense not raised at the trial level may not be raised upon appeal.

■■ It has been oft stated by the courts of Illinois that the reviewing court will not substitute its judgment for that of the jury in the absence of convincing evidence that the verdict is not based upon the facts presented. This principle was well stated in *People v. Keane* (1970), 127 Ill.App.2d 383, 262 N.E.2d 364, where the court stated at page 392:

> "It is within the province of a jury to determine the guilt or innocence of a defendant and its finding of guilty will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. * * * In the instant case the evidence demonstrates that defendant was proven guilty beyond a reasonable doubt."

We feel that the evidence herein demonstrates that the defendant was found guilty beyond a reasonable doubt. In *People v. Hampton* 1969, 44 Ill.2d 41 at 45, 257 N.E.2d 190, the court held:

> "This court has consistently held that it is the function of the trier of the facts to determine the credibility of the witnesses and its finding of guilty will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. [Citation.] The testimony of a single witness, if it

is positive and the witness credible is sufficient to convict even though it is contradicted by the accused."

For the reasons herein set forth the judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.