THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MORRIS SPOONER *et al.*, Defendants-Appellants.

(No. 59598;

First District (4th Division)—September 11, 1974.

Harold S. Lee, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendants, Morris Spooner and George Galanis, were arrested on January 12, 1972, by the sheriff's police of Cook County upon complaints charging them with knowingly, wilfully and unlawfully keeping in a place of public resort, to wit: their respective restaurants located in unincorporated areas of Cook County, Illinois, certain pinball machines, in violation of chapter 21.1, section 1 of the Ordinances and Resolutions of Cook County (now chapter 24, section 1), which prohibits same. The pinball machines and their contents of United States currency were seized by the sheriff at the time of arrest.

Prior to trial a motion was made on behalf of both defendants to quash the complaints and for a dismissal based upon the contention that the Cook County ordinance which the defendants allegedly violated was unconstitutional for various reasons. The motion stated:

> "(a) That the Cook County ordinance alleged to have been violated by the defendants violates the Fourteenth Amendment of the Constitution of the U.S. in that it violates the equal protection clause of the Fourteenth Amendment.
>
> (b) That the Cook County Ordinance Chap. 21.1 Sec. 1 is in con-

flict with Chapter 38 Sec. 28—2(1) [of the Illinois Revised Statutes 1971].

(c) That the Cook County Ordinance Chap. 21.1 Sec. 1 Ordinances and Resolutions of the County of Cook, State of Ill. is discriminatory and violates the Due Process provisions of the U.S. Constitution and State of Ill. Constitution."

The motion was denied. The record further shows that on July 18, 1973, the cause was heard without a jury and, after hearing testimony and the arguments of counsel, the court found both defendants guilty as charged. Each was fined $20 and assessed $5 in costs.

On appeal the defendants' sole argument is premised on the claim that section 25.22 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1961, ch. 34, par. 429.4), as amended is in contravention of the 1870 Illinois Constitution. Section 25.22 empowers county boards "[t]o license, tax, regulate, or prohibit pinball games or machines" and similar devices. The defendants argue that this statute contravenes article IV, section 13, of the 1870 Constitution of the State of Illinois, which prohibited any legislative enactment from embracing more than one subject and required that one subject to be expressed in the title, and therefore that Cook County Ordinances and Resolutions, chapter 21.1, section 1, enacted under the authority of section 25.22, is invalid and the convictions should be reversed.

■■ Since the defendants have not included the report of proceedings in their record on appeal we are confined to the common-law record submitted, and it may not be supplemented or expanded by statements, arguments or contentions *dehors* the record. (*People v. Rogers*, 26 Ill.2d 599, 188 N.E.2d 22; *People v. Brown*, 3 Ill.2d 623, 122 N.E.2d 153.) It is apparent from our review of this record, including the motion to quash the complaints set out above, that neither the issue of the constitutionality of section 25.22 of the above-mentioned Act (Ill. Rev. Stat. 1961, ch. 34, par. 429.4), nor of the Cook County Ordinance as it turns upon that statute, were raised in the trial court. It is firmly established that for sound policy reasons, theories of defense not raised in the trial court cannot be raised for the first time on appeal (*People v. Brown*, 11 Ill.App.3d 67, 296 N.E.2d 77), and this principle of waiver encompasses constitutional questions (*People v. Black*, 52 Ill.2d 544, 288 N.E.2d 376). In *People v. Amerman*, 50 Ill.2d 196, 197, 279 N.E.2d 353, 354, the Illinois Supreme Court reiterated:

" 'It is fundamental that the question of the constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled

upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling. [Citations.]'."

We acknowledge the additional questions raised by the State in support of its position on the merits, including whether the 1870 Illinois Constitution even applies to the statute attacked, and if not, whether the new 1970 Constitution would in any way affect its validity. But we need not proceed to a determination of those issues. We hold that the defendants' argument that section 22.25 of the Act (Ill. Rev. Stat. 1961, ch. 34, par. 429.4), as amended, is unconstitutional has been waived, since it is presented for the first time in this appeal. We therefore affirm the conviction and fines.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.