THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH E. ROBERTSON, Defendant-Appellant.

(No. 74-261;

Third District—December 23, 1975.

*Rehearing denied January 30, 1976.*

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was indicted and tried for the murder of Sharon Williams. After a jury trial, defendant was found guilty of voluntary manslaughter, and was sentenced to an extended term of 6 years 8 months to 30 years.

Defendant's first contention on appeal is that the evidence was insufficient to establish provocation in support of a verdict of voluntary manslaughter.

At the trial defendant testified to his stormy relationship with the victim, Sharon Williams. The details are not necessary to this opinion, but, in summary, Sharon and defendant had separated after living together for two years, and the separation was marked by disputes and mutual accusations which culminated in defendant's arrest for disorderly conduct the day before the shooting.

. Other witnesses testified that, the day before the shooting, defendant twice threatened to "get" or "get even with" Sharon. Shortly before the shooting defendant sat in his parked car with a shotgun on the seat beside him and watched Sharon come out of a factory after work and get into a car driven by her friend Faye Thomas. Defendant then drove to the Thomas residence where he saw Sharon standing beside the Thomas car laughing at him. He got out of his car with the gun and fired a shot which struck Sharon in the shoulder. She then ran around the Thomas car and fell to the ground, and defendant moved closer, reloaded his gun, took aim, and shot Sharon in the head from a distance of 20 feet. The second wound was fatal.

. A psychiatrist, called as defendant's witness at the trial, testified to

his diagnosis that defendant had a "disassociative reaction" at the time of the shooting. Taking into account past events in defendant's life, and his inability to remember the shooting itself, the sight of Sharon laughing at him was said to be enough to trigger a sudden uncontrollable rage which rendered defendant incapable of forming a conscious intent to kill when he shot Sharon.

Defendant's requested instructions on voluntary manslaughter required the State to prove that defendant acted under a sudden and intense passion resulting from previous provocation by the victim (see IPI Nos. 7.03 and 7.04). Defendant argued during the trial that, if the jury did not decide to acquit defendant, evidence of provocation was sufficient to reduce the crime from murder to voluntary manslaughter. Although the State objected strenuously, the court gave the defendant's voluntary manslaughter instructions. On appeal, defendant contends that the evidence of provocation by the victim was inadequate to support the voluntary manslaughter verdict.

Defendant is actually complaining that it was error for the court to accede to his request for instructions on voluntary manslaughter. This, to put it mildly, is not the usual stance of a defendant in a criminal appeal. Whether we characterize this issue as involving invited error (*People v. Clements*, 316 Ill. 282, 147 N.E.2d 99 (1925)) or as raising a new theory of defense on appeal that was not raised at trial (*People v. Brown*, 11 Ill.App.3d 67, 296 N.E.2d 77 (2d Dist. 1973)), defendant's contention is without merit.

■■ This precise issue was presented to this court in *People v. Curwick* (3d Dist. 1975), 33 Ill.App.3d 757, 338 N.E.2d 468, where we held that a defendant found guilty of voluntary manslaughter may not contest the sufficiency of the evidence of manslaughter after he requested the manslaughter instruction. Our decision in *Curwick* is controlling in the case at bar.

Defendant also claims that the State failed to prove the requisite intent necessary to support a conviction for either murder or manslaughter. He relies primarily on the psychiatric testimony that a person suffering from a disassociative reaction is incapable of forming a conscious intent to kill. ■■ We note, first that the jury need not believe the testimony of an expert witness in its entirety. Thus it would not necessarily be inconsistent to accept the psychiatrist's "sudden rage" theory but to reject the conclusion that defendant was incapable of forming a conscious intent to kill. Furthermore, it is clear from the evidence that defendant fired the gun at Sharon, reloaded, took careful aim, and fired a second time. The State is not required to introduce direct evidence of a conscious intent to kill in order to prove either murder or voluntary manslaughter

where the probable natural consequence of the defendant's act would be to destroy life. The necessary criminal intent may be implied from the character of the act. (See *People v. Matthews* (3d Dist. 1974), 21 Ill.App.3d 249, 314 N.E.2d 15; *People v. Johnson* (4th Dist. 1975), 33 Ill.App.3d 168, 337 N.E.2d 240.) Therefore, we find that the evidence was sufficient to establish the requisite intent.

After carefully reading the record, including a 1193-page report of proceedings, we conclude that defendant's conviction should be affirmed.

Defendant also challenges the 30-year maximum sentence imposed under the "extended term" provision of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1005—8—2), which provides:

"(a) The court may sentence a defendant who is 17 years of age or older and convicted of a felony in which he inflicted or attempted to inflict serious bodily injury to another, or in which he used a firearm in the commission of the offense or flight therefrom, to a term not to exceed twice the maximum sentence that could be imposed under Section 5—8—1, if the court finds the defendant presents a continuing risk of physical harm to the public, and that such a period of confined correctional treatment or custody is required for the protection of the public.

(b) A sentence under this Section shall not be imposed unless the defendant has been committed for examination and report before sentencing under Section 5—3—3."

The maximum sentence for voluntary manslaughter, a Class 2 felony, is 20 years under section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1005—8—1). Before sentencing, the court ordered an examination and report under section 5—3—3 for the purpose of considering an extended term sentence. At the sentencing hearing, psychological reports were introduced in evidence without objection from defendant. Defendant testified in his own behalf, and counsel for both parties made extensive arguments as to the appropriateness of an extended term sentence. The trial judge found that defendant presents a continuing risk of physical harm to the public and that an additional maximum term sentence would benefit both the public and defendant. The court then imposed a sentence of 6 years 8 months to 30 years.

Defendant first argues that the extended term sentencing procedure violates his due process rights guaranteed under the United States Constitution. Although the State undertakes to meet defendant's substantive argument on this issue, we find from the record that the constitutional issue was not raised in the trial court.

■■ As a general rule, reviewing courts will not consider nonjurisdictional questions of constitutionality that have not been presented in the

trial court and preserved for review. (*People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353 (1971).) In cases where the disputed statute has already been ruled unconstitutional, a reviewing court may consider the question even though it was not raised in the trial court. (*E.g., People v. Sarelli*, 55 Ill.2d 169, 302 N.E.2d 317 (1973).) However, this case does not come within any recognized exception to the general rule, and we therefore find that defendant has waived the due process issue. *People v. Orr*, 10 Ill.2d 95, 139 N.E.2d 212 (1956); *People v. Nelson*, 26 Ill.App. 3d 227, 324 N.E.2d 719 (5th Dist. 1975); *People v. Kadlec*, 21 Ill.App.3d 289, 313 N.E.2d 522 (3d Dist. 1974).

Defendant also argues that imposition of an extended term sentence was an abuse of discretion by the trial court. Defendant argues that the verdict of voluntary manslaughter is a finding that he acted violently only after serious provocation by the victim, and is inconsistent with the trial court's finding that he is an inherently violent person. Defendant also reviews the psychiatric evidence which was somewhat conflicting as to defendant's propensity to commit serious acts of physical violence.

■■ We have carefully reviewed the record, and conclude that all of the evidence before the court, including the testimony at trial and the psychiatric reports, provides an adequate basis for the finding that defendant presents a continuing risk to the public. The reports indicate that defendant has a "low boiling point" and that he has a tendency to react violently when laughed at or frustrated. The court also stated that defendant's demeanor at trial gave the court cause for concern as to the safety of some prosecution witnesses if defendant secures an early release.

We believe the purpose of this section is to provide the court with an additional sentencing alternative for crimes of violence, conditioned upon a determination of future potential for physical violence. By providing for an extended maximum sentence, defendant's eligibility for parole is not postponed since that is governed by the minimum sentence under section 3—3—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1003—3—3. However, so long as he is in need of rehabilitation, the defendant's confinement can continue for up to 30 years rather than for the ordinary maximum of 20 years for manslaughter. This statute is thus intended to increase the range of indeterminate sentences available to the court in those cases where the circumstances indicate a continuing risk of physical harm to the public. See Schiller, ABA Standards for the Administration of Criminal Justice: Illinois Compliance (1974).

We hold, therefore, that the sentence imposed here was a proper exercise of the court's discretion. A sentence within the limits prescribed by the Unified Code of Corrections (Ill. Rev. Stat. ch. 38, § 1001—1—1

*et seq.*) will not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the prescriptions of the Illinois Constitution. *People v. Sprinkle*, 56 Ill.2d 257, 307 N.E.2d 161 (1974).

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.