THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE YATES, Defendant-Appellant.

First District (4th Division)   No. 77-1549

Opinion filed October 5, 1978.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Willie Yates, was indicted for murder. After a bench trial, he was found guilty of the lesser included offense of voluntary manslaughter (Ill. Rev. Stat. 1973, ch. 38, par. 9—2) and sentenced to a term of 4 to 12 years. On appeal, defendant contends that the State's evidence failed to prove him guilty beyond a reasonable doubt of committing the homicide or, in the alternative, to sustain a conviction of voluntary manslaughter.

We affirm.

On March 13, 1973, between 6 and 6:30 p.m., the body of the deceased, Eddie Brown, was found in Ogden Park with a gunshot wound in the head. At 5 p.m. that day, Brown, Willie Yates, the defendant, and Janet Mosley were present with Earline Burgess in her store located across the street from the park at 67th and Racine in Chicago. They smelled something burning and found that Brown, who had been cleaning the store, was drying some clothes on a heater. The defendant and Brown argued about the clothes. Brown told the defendant to leave him alone and struck the defendant; they then began to fight. Ms. Burgess told them "they had to take the fighting outside," and they left the store. Earline Burgess and Janet Mosley testified they saw the defendant chasing Brown in the park, and that the two men were throwing bottles at each other. Between 5:30 and 6 p.m., Janet Mosley saw the two men walking with each other toward the store. Approximately 15 minutes later she saw the defendant alone at the bus stop at 67th and Racine and asked him if he had hurt Brown. The defendant replied that he had shot him in the head. She returned to the store and a short time later rode into the park with Nelson Redmond and Yvonne Bean where they saw a body. Upon exiting the park, they saw a police squad car and Redmond told the police about seeing a body. Janet Mosley did not say anything to the police and went home. On March 16, 1973, she signed a written statement at police headquarters relating the defendant's confession to her. She stated that she had avoided the police because she did not want to get involved, but that the police had threatened her with contempt of court action if she did not tell them exactly what she knew about the incident.

■■ Defendant contends that the State's evidence was insufficient to prove that death occurred as a result of criminal conduct by him. To warrant a conviction on circumstantial evidence, the facts proved must clearly establish a reasonable and moral certainty that the accused and no one else committed the crime. His guilt must be so thoroughly established as to exclude every reasonable hypothesis of innocence. (*People v. Harris*

(1970), 124 Ill. App. 2d 234, 260 N.E.2d 325.) However, the trier of fact is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of reasonable doubt. (*People v. Reed* (1974), 23 Ill. App. 3d 686, 320 N.E.2d 249.) Where the evidence is in part circumstantial, a conclusion that the accused is guilty beyond a reasonable doubt need not follow necessarily from the proven circumstances, but may be obtained therefrom by probable deduction. *People v. Matthews* (1974), 21 Ill. App. 3d 249, 314 N.E.2d 15.`

■■ The State's evidence established the fact that the defendant and decedent fought vigorously with each other in the park where the decedent's body was found shortly thereafter. It also firmly established that the defendant talked with Janet Mosley within minutes after she last saw him walking toward the store with the decedent, and that the defendant admitted to her that he had shot the deceased in the head. This confession was made before the decedent's body was found with a gunshot wound in the head. The testimony, if believed, strongly supports the court's finding that the defendant was guilty of shooting the decedent.

■■ Defendant contends that the testimony of Janet Mosley is discredited because she failed to tell the police about the defendant's admission to her until three days later, although she had seen the police several times in those three days. She gave as her reason for not saying anything earlier that she "did not want to get involved." Such action is understandable and not unusual in view of the fact that the defendant was not a stranger to her. (*People v. Stringer* (1972), 52 Ill. 2d 564, 289 N.E.2d 631.) Her failure to report the defendant's confession earlier only affects the weight to be given to her testimony. It is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence. (*People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733; *People v. Ross* (1976), 39 Ill. App. 3d 241, 244, 349 N.E.2d 678.) Based on the record presented, we cannot say that the testimony of Janet Mosley was unworthy of belief.

Finally, the defendant contends, in the alternative, that the evidence fails to sustain a conviction of voluntary manslaughter because there is no showing that he acted under a sudden and intense passion resulting from serious provocation. The sufficiency of the provocation to cause a sudden and intense passion is a matter to be determined by the trier of fact. (*People v. Beathea* (1974), 24 Ill. App. 3d 460, 321 N.E.2d 458.) Mutual combat or the use of physical force has been sufficient to support the finding of serious provocation. *People v. Sykes* (1977), 45 Ill. App. 3d 674, 359 N.E.2d 897; *People v. Pierce* (1972), 52 Ill. 2d 7, 284 N.E.2d 279.

■■■ Here, the evidence showed that the decedent struck the defendant in a quarrel concerning the burning clothing. They then began to fight and the defendant was seen chasing the decedent in the park where they were

running and throwing bottles at each other. These actions constituted a mutual quarrel or combat and supported the trial court's conclusion that the defendant acted under sudden and intense passion resulting from serious provocation by the deceased. However, defendant contends that the testimony of Janet Mosley that she saw the two men walking in the park together after the bottle throwing incident indicates that there was a "cooling off" or "peaceable" period, thereby negating the conclusion that the defendant was acting under sudden and intense passion. The facts herein do not warrant this assumption. Miss Mosley testified that although they were not fighting then, she could not say that they were talking to each other. It was only a matter of minutes thereafter that she saw the defendant alone and asked him if he had hurt the deceased and was told by the defendant that he had shot Brown in the head. Where there is any evidence in the record upon which the judge could find the defendant guilty of voluntary manslaughter, that finding will not be disturbed on review. (*People v. Robertson* (1975), 34 Ill. App. 3d 762, 340 N.E.2d 213.) A reviewing court will not reverse a finding of guilt of voluntary manslaughter unless the evidence is so unsatisfactory or improbable as to justify a reasonable doubt as to the defendant's guilt. (*People v. Beathea.*) We find that the circumstances disclosed by the evidence are sufficient to sustain defendant's conviction of voluntary manslaughter.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.