POWELL *v.* POWELL.

(In Banc.   May 14, 1945.)

[22 So. (2d) 160.   No. 35853.]

G. W. Hosey, of Laurel, for appellant.

A. S. Scott, of Laurel, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a decree which denied the husband a divorce from his wife on a charge of adultery. The appellant assigns two grounds for a reversal of the case: (1) that the trial court was in error in holding that the proof was insufficient to sustain the charge; and (2) that it was error not to permit their son, who was more than fifteen and one-half years of age, to testify as a witness on behalf of the appellant in regard to certain facts and circumstances strongly tending to establish the charge complained of, when taken and considered in connection with the other testimony.

In view of our conclusion to reverse and remand the cause for a new trial because of the second ground of error assigned, we refrain from commenting as to the weight of the evidence actually introduced. It is sufficient to say that the rule against permitting children of tender years to testify in a divorce proceeding between their parents has no application to a child as far advanced in years as the witness here involved, and especially where the child is able to properly evaluate the facts which have come to his personal knowledge and foresee the impending danger to the marital status to such an extent that he has felt constrained to intercede with the offending parent before the other has even suspected any wrongdoing.

Under our law, a minor fourteen years of age is permitted to select his own guardian, and he is held accountable for crime at that age, without the state being required to affirmatively prove his capacity in that behalf. Nor can it be successfully maintained in these days that a boy nearly sixteen years of age is unable to draw correct inferences from the facts and circumstances coming under his own observation when they are suggestive of im-

moral conduct. And, even so, the trier of the facts may draw his own conclusions as to the weight and worth of the circumstances testified to by the witness, the same as if they were related to him by an adult. In the instant case, there is no question of public policy involved that would not likewise render it unwise for the court to have heard the testimony of the other son, twenty-one years of age, who was admittedly competent as a witness.

Reversed and remanded.