M———— (Plaintiff), Appellant,

v.

G———— (Defendant), Respondent.

No. 29623.

St. Louis Court of Appeals.

Missouri.

May 7, 1957.

Alexander Goodman, Morris A. Shenker, Bernard J. Mellman, St. Louis, for appellant.

Ziercher, Tzinberg, Human & Michenfelder, Erwin Tzinberg, Clayton, for respondent.

WOLFE, Commissioner.

This is an action to modify a divorce decree as it relates to the custody of the daughter of the divorced parents. The father of the child prevailed upon his motion for modification and the mother prosecutes this appeal.

The parties herein were divorced on July 24, 1952, in a suit brought by the wife. By the decree entered in that action the wife, who has since remarried, was awarded a decree of divorce and custody of their daughter. The decree provided that the father should pay to the mother $15 a week for the support of their daughter and that he should have temporary custody of the

child on alternate weekends from 9:00 a. m. on Saturdays until 6:00 p. m. on Sundays and on other weeks from 5:00 p. m. to 8:00 p. m. on Wednesdays.

The father of the child and the defendant in the divorce case filed a motion to modify the decree on September 6, 1955, seeking full custody and control of his daughter. One of the grounds upon which the modification was sought was that the mother had remarried and that her present husband often cursed in the presence of the child. It was also alleged that the mother had failed to properly clothe the child and that the mother and her husband left the child in the home alone at night. There was an allegation that the mother had inflicted bodily injuries upon the child and other allegations that a brother of the mother's husband spent considerable time in the home while intoxicated and that the child was afraid of him.

The father, testifying in support of his motion to modify the decree, stated that since his divorce from the plaintiff he had remarried. He was employed as an automobile mechanic. He stated that for six months preceding the filing of his motion the child had been poorly dressed and dirty when he picked her up on alternate weekends and Wednesdays. He said that her clothes were filthy and that she had not had a bath for over a week.

Over continued objections of plaintiff's counsel, the father testified as to things the child had told him. The court stated that while the evidence appeared to be hearsay it would not rule upon the admissibility of the evidence but would hear it subject to objection. The father testified that the child, who was twelve years old at the time of the hearing, said that her mother had bitten her finger. He said that he saw tooth marks on her finger. He said that on another occasion, when he picked up his daughter, she had bumps on her head which she told him resulted from her mother hitting her on the head with the heel of her shoe after first throwing her to the

floor. He further testified that the child had telephoned him several times at night and told him that she was alone and frightened and he said that on three occasions he drove to her mother's home and that his daughter came out and sat in his automobile with him until her mother and stepfather returned. He stated that on two trips to the house for this purpose the child's mother and stepfather did not return until 3:00 a. m. He further testified that the daughter told him that she received no affection at home and that she was never taken to church. He said that the daughter told him that on one occasion the brother of her stepfather had fondled her breasts.

The witness upon cross-examination stated that the child was well behaved, obedient, and well mannered. He had never had her examined by a physician but he stated that she suffered from hay fever. He said that he and his present wife had clothing for her at their home and dressed her when she was with them, but returned her to her mother in the clothing that she had worn at the time that they picked her up. He said that he made no complaint to the prosecuting attorney after the child told him of advances the brother of her stepfather had made but he called his lawyer.

Defendant had not been regular in paying the support money of $15 a week and after he was in arrears $580 a settlement of the amount owing was effected through counsel.

The defendant's present wife testified to about the same things that her husband had related and she was also permitted to state what the child had told her.

After these witnesses had testified the defendant's counsel announced that he would like to call the daughter as a witness. Counsel for the mother objected and the court stated: "I am not going to let her testify in court in the presence of her parents" and further added: "I might want to hear the child in chambers. Any objection to that?" There was no objection. There is nothing in the record to indicate

that the hearing was adjourned to chambers for the taking of testimony, nor is any testimony of the child of record.

On behalf of the mother a qualified pediatrician testified that he had examined the child and found her to be a normal adolescent girl showing no evidence of physical disorder. He said that she appeared to be doing very well and was gay and exuberant.

The mother testified that she had never mistreated the child in any way. She informed the court that her daughter had an abundance of clothing and offered in evidence sales slips for numerous articles of clothing purchased for her. She said that the child was receiving dental care from an uncle who was practicing dentistry and that she had medical attention as required. She also testified that there was no drunkenness about the house or abusive language used. She stated that the child was seldom left alone and never left alone at night. She said that her daughter had never been molested by any one and that the incident related by the child's father actually was nothing more than an occurrence that took place when her husband's brother was romping with her daughter. He accidentally hit the child's breast and apologized. She said the child thought nothing of it but told her about it because her step uncle had apologized.

The mother worked in a store and was obliged to stay until 9:30 p. m. on Saturdays, but on those nights her husband was home with the daughter. Her husband, who was fond of the child, assisted her with her school work. She said that she kept in touch with her daughter's teachers and the child's progress in school was good. Her report card was offered in evidence showing that she made Bs and Cs in the 7th grade of the junior high school which she attended.

The stepfather, testifying on behalf of the child's mother, stated that he never in any way mistreated the child or used abusive language about the house. He said

that he helped her with her school work and told of clothing purchases made for her for the three months preceding the filing of the motion to modify the decree. He said he did not drink more than two or three bottles of beer a week and that this was the total extent of his drinking. He said that the only time he was intoxicated was on a New Year's eve when the child was away from their home and in the custody of her father.

The maternal grandmother testified that her grandchild had a great amount of clothing and that she was kept clean. She said that she had never seen her dirty.

■■ The mother, who is the appellant here, complains that there was not sufficient competent evidence to support the order of the court modifying the decree. In review of divorce cases, as in equity appeals, we examine the evidence and reach our own conclusions, deferring to the findings of the trial judge where a determination of the issues rests upon the credibility of the witnesses. Johns v. McNabb, Mo., 247 S.W.2d 640; Clemens v. Clemens, 361 Mo. 485, 235 S.W.2d 342; Politte v. Politte, Mo. App., 230 S.W.2d 142. If the judgment of the trial court is sustained by competent evidence it will not ordinarily be disturbed on appeal. The reviewing court must, however, exclude incompetent evidence from its consideration and base its conclusions upon the evidence properly admitted. Padgett v. Padgett, Mo.App., 231 S.W.2d 207; Pickrel v. Pickrel, Mo.App., 86 S.W.2d 336; Blackiston v. Russell, 328 Mo. 1164, 44 S.W.2d 22.

■ The main issue before the court was the question of whether or not the twelve-year old daughter of the parties was neglected or mistreated in the home of her mother. The daughter was not permitted to testify when offered as a witness. The mother, who here appeals, is in no position to urge that this was an error, for her counsel objected to the father calling the daughter as a witness. The court, however, did erroneously refuse the father the

right to put the child on the stand. A party litigant has a right to call in his behalf any competent witness having material information on the issues in litigation. Any child over ten years of age is a competent witness in the absence of some mental disability (Section 491.060 RSMo 1949, V.A. M.S.), and testimony of such child must be under oath and taken as the testimony of any other witness. State v. Jackson, 318 Mo. 1149, 2 S.W.2d 758.

The only evidence we have of actual mistreatment of the child is purely hearsay that should have been excluded and we cannot consider it. The gist of the remaining evidence is that she was not clean and that her clothes were dirty. Against this is the evidence that she had an abundance of clothing. The father classified the child as a well behaved and obedient girl. It would appear that a girl of this temperament, who was twelve years of age, would keep herself clean, and this evidence alone, which is all there is when the hearsay is excluded, does not appear to be enough to support a modification of the decree.

The only person with first-hand information about the vital issues is the child herself, and in view of the gravity of some of the charges made the case should be remanded so that the evidence may be more fully developed.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.