(No. 37714.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSE BALLINGER, Plaintiff in Error.

*Opinion filed March 29, 1967.*

Ward, J., took no part.

A. J. Hardiman and H. Wielock, both of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, Jesse Ballinger, was tried in the criminal court of Cook County before the court without a jury and found guilty of murder, for which he was sentenced to the penitentiary for a term of 35 years. The case is before us on a writ of error.

The only eyewitness to the offense was Alfred Howard, a nine-year-old boy, and the defendant's first contention is that the witness was not competent to testify. The well-

established rule is that it is not age but the degree of intelligence of a child which determines the question of his competency to testify, and if the witness is sufficiently mature to receive correct impressions by his senses, to recollect and narrate intelligently and to appreciate the moral duty to tell the truth, the witness is competent. (*People* v. *Davis,* 10 Ill.2d 430.) The competency of such a witness is to be determined by the trial judge and, while his decision is reviewable, it is only where there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reversed. *People* v. *Davis,* 10 Ill.2d 430; *People* v. *Karpovich,* 288 Ill. 268.

In the preliminary examination conducted by the court to determine the competency of the witness the boy gave his name but did not know how to spell his last name. He told the court the name of his school but was unable to give its location. He testified that he lived with his grandmother and gave her name but did not know her address. He told the name of his church but did not know its location and testified that he went to church infrequently. He testified that he knew what it meant to tell the truth and said that on certain occasions he had told a lie to his grandmother but told the court that he would tell the truth and would not tell any lies.

When tested by the above standards, we believe that the trial judge did not abuse his discretion in permitting the witness to testify. The fact that he was an infrequent church-goer is of no consequence since a test as to religious opinion or belief is no longer required in determining the competency of a witness. (*People* v. *Marsh,* 403 Ill. 81, 91.) The fact that the witness was unable to spell his last name and did not know his address or the location of his church or school is not of significance so long as he was able to relate what he had seen. The fact that the boy admitted that he had lied to his grandmother indicates an in-

tention to be honest with the court and does not show that the witness was incompetent to testify. (*Cf. People* v. *Tappin,* 28 Ill.2d 95.) The trial court was in a position to observe the witness and in our opinion he did not abuse his discretion in permitting the boy to testify.

The defendant also argues that the court erred in admitting two written confessions in evidence. The defendant was arrested in South Carolina and held in custody for the Illinois authorities, and the first statement was taken there by an Illinois police officer. The defendant was returned to Chicago where the second statement was taken by an assistant State's Attorney of Cook County. There was no claim advanced at the trial and there is no claim here that the confessions were involuntary and the sole argument is that the statements were inadmissible because the defendant was without counsel at the time the statements were given, and was not advised of his right to counsel. The case was tried in 1961, prior to the decision of the United States Supreme Court in *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, and neither the lack of counsel nor the fact that the defendant was not advised of his right to counsel makes the confessions inadmissible as a matter of law, although these circumstances may be considered in determining whether the confessions were voluntary. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.) There being no claim that the statements were involuntary, the trial court did not err in admitting them in evidence over the defendant's general objection.

The defendant's final contention is that he was deprived of his statutory rights by reason of an alleged delay in bringing him before a magistrate for a preliminary hearing. The arresting officer testified that he left Chicago on September 15, 1961, and that on September 17 he took the defendant into custody and returned to Chicago, arriving on September 18. An additional record filed by the People

shows that a preliminary hearing was held on September 19. There was no unreasonable delay and the defendant's argument is without merit.

We are of the opinion that the defendant received a fair trial and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.