**People of the State of Illinois, Plaintiff-Appellee, v. Thaddeus Sims, a Minor, Defendant-Appellant.**

**Gen. No. 52,631.**

First District, Fourth Division.

July 2, 1969.

Robert A. Shuker, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Edward Stasukaitis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

After a hearing, without a jury, on a delinquency petition, defendant was found delinquent and was placed on probation.

POINT RAISED ON APPEAL

The thirteen-year-old complaining witness was incompetent to testify.

EVIDENCE

When the State called the complaining witness, Randolph Brown, it was established that he was 13 years old. Defense counsel then requested that the court conduct an inquiry to ascertain the competence of the witness before permitting him to testify. The following ensued:

THE COURT: "Do you know what will happen to you if you don't tell the truth?"
A. "No."
ASSISTANT STATE'S ATTORNEY: "Do you know what will happen to you if you don't tell the truth?"
A. "No."
Q. "What happens to you if you tell a lie?"

A. "I don't know."

THE COURT: "Are you going to tell the truth in this hearing?"

A. "Yes."

DEFENSE ATTORNEY: "What is the truth, Randolph; what does it mean, the truth?"

A. "(No response.)"

THE COURT: "Proceed."

DEFENSE ATTORNEY: "Your Honor, for the record, I would object at this time; the boy stated first of all he doesn't know the consequences of either telling the truth or lying; and this is a proceeding which is sanctified by the oath to give strength to the testimony; secondly, the boy is unable to answer the question as to what the truth is. It is my contention by these answers that the Court is competent to—"

THE COURT: "The Court will ascertain the credibility of this testimony; please proceed—"

The witness then testified concerning the incident in question, at the conclusion of which defense counsel moved to strike his testimony.

THE COURT: "I can't dismiss his testimony and I won't."

DEFENSE ATTORNEY: "On the grounds again that he's incompetent to testify."

THE COURT: "The Court will weigh the credibility of the competency. We're dealing with a juvenile; we're dealing with the most difficult testimony, the Court is well aware of it."

OPINION

Defendant contends that the preliminary inquiry of the thirteen-year-old complaining witness failed to establish his competence to testify, and that, as a result, the trial court abused its discretion in permitting his testimony to be given.

 In this state, every person who is fourteen years old is presumed competent to testify. Shannon v. Swanson, 208 Ill 52, 69 NE 869; People v. Karpovich, 288 Ill 268, 123 NE 324. When a child under that age is called to testify, it is the duty of the trial judge to determine first whether the child is competent as a witness. Knab v. Alden's Irving Park, Inc., 49 Ill App2d 371, 199 NE2d 815; People v. Crews, 38 Ill2d 331, 231 NE2d 451. To do this, the judge must hold a preliminary inquiry into the competency of the proffered witness by examining the child's intelligence, understanding, and moral sense. People v. Johnson, 298 Ill 52, 131 NE 149; People v. Crowe, 390 Ill 294, 61 NE2d 348; People v. Davis, 10 Ill2d 430, 140 NE2d 675; Epstein v. Berkowsky, 64 Ill App 498. If testimony is to be permitted, the court's inquiry must, with reason, satisfy the judge that the witness is sufficiently mature (1) to receive correct impressions by his senses, (2) to recollect these impressions, (3) to understand questions and narrate answers intelligently, and (4) to appreciate the moral duty to tell the truth (and comprehend the meaning of the oath). People v. Ballinger, 36 Ill2d 620, 225 NE2d 10; Shannon v. Swanson, supra; People v. Karpovich, supra; People v. Johnson, supra; People v. Crowe, supra; People v. Davis, supra; Knab v. Alden's Irving Park, Inc., supra; Dallas v. Granite City Steel Company, 64 Ill App2d 409, 211 NE2d 907; Wheeler v. United States, 159 US 523. This decision of the trial judge may be reviewed, but, because of his unique position and the latitude of his discretion in this matter, his decision will not be reversed unless there has been an abuse of discretion or a manifest misapprehension of a legal principle. Shannon v. Swanson, supra; People v. Karpovich, supra; People v. Davis, supra. It is our conclusion in the instant case, however, that the abbreviated preliminary inquiry (set forth above in its entirety) did not meet the requirements of the cases cited; that it did not, therefore, establish that the witness

61

was competent to testify; and that permitting him to do so, in this circumstance, constituted an abuse of the court's discretion.

The State argues that the procedure for determining preliminarily the competency of a juvenile witness should be limited to jury cases, since in a bench trial the judge passes on both the competency and the credibility of the witness; that if, during the course of testimony, the witness shows himself to be incompetent to testify, the trial judge may then disregard his testimony; and that, on the other hand, a witness, during the course of his testimony, may reveal himself to be competent. This argument fails, however, because the points to be covered in a competency inquiry are rarely discernible through testimony on the trial issues, and a judge, no less than a juror, must shield his mind from the prejudicial effect of incompetent evidence. It is for this reason that the procedure for prior determination of competency has been applied not only to jury trials but also to bench trials or hearings without a jury. People v. Tappin, 28 Ill2d 95, 96–98, 190 NE2d 806; People v. Crews, 38 Ill2d 331, 337–338, 231 NE2d 451.

The State also argues that the cases cited in support of defendant's appeal are distinguishable, because in those cases the juvenile witnesses testified to occurrences they had heard or observed between the defendant and a third party, whereas the complaining witness in the case before us was testifying to a degrading and outrageous assault upon himself. This distinction could cut either way, and we do not believe that it can be counted on to enhance the reliability of the witness to the point of obviating the necessity for an adequate preliminary inquiry as to competency.

With no intention to narrow in any way the general application of the governing rule in this case, we should like to emphasize its importance here since the complainant

was the State's only witness, and his charges were denied by defendant.

DECISION

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER, P. J. and McNAMARA, J., concur.