THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL WESTLEY, Defendant-Appellant.

(No. 55730;

First District—April 26, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Elliot M. Samuels and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Murray Unger, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County. Defendant, Daniel Westley, was indicted in two counts for the crime of aggravated battery. Following a bench trial in the Circuit Court of Cook County, the defendant was found guilty of both offenses and the court imposed a sentence of two to five years in the Illinois State Penitentiary.

The issues presented on appeal are: whether the trial court abused its discretion in ruling a child witness was competent to testify; whether the trial court improperly shifted the burden of proof to the defendant; and whether the trial court imposed an excessive sentence.

During the early morning hours of June 14, 1969, Chicago Police Detective Booker T. Porter went to Presbyterian-St. Luke's Hospital, where he observed Sandra Westley, defendant's five year old daughter, in the emergency room. Detective Porter testified the child had multiple bruises and marks where her skin had been burned. There were also

large lacerations on Sandra's back and buttocks along with small burns on her hands. One side of her face was swollen and she was unconscious. Photographs which correctly and accurately portrayed what Detective Porter testified to were admitted at the trial for identification purposes.

After leaving the hospital, Detective Porter testified he went to the Bedford Hotel, where the Westley family was staying. There he observed Doris Westley, age seven, whose face was badly swollen. One of her eyes was almost completely closed, the other eye was severely blackened. Her hand was bent as if some of the fingers were broken and there were bruises on her arms, feet and legs. Photographs which portrayed Doris' injuries were also admitted at trial for identification purposes.

In addition to the testimony given by Detective Porter, the State also presented testimony by Doris Westley. Prior to her testimony, Doris, age seven, was asked a series of questions to determine her competence as a witness. After hearing her answers, the trial judge reserved his judgment as to her competence until a later point in the trial.

Doris Westley testified she lived with her father, step-mother and sister in a hotel. While in the hotel both she and Sandra were hit and burned by their father on more than one occasion as punishment. She testified her father burned her on her foot, arm and back, and also poured hot water on her back and her feet.

The third witness for the State was Dr. Albert Pisani, head of ambulatory pediatric services for Presbyterian-St. Luke's Medical Center. Dr. Pisani observed the injured children on June 14, 1969, in the pediatric ward of the hospital. The doctor testified that when he first saw Sandra Westley she was in a comatose state and had multiple bruises. Further tests were performed to ascertain the extent of her injuries. Dr. Pisani later saw the defendant's other daughter, Doris, who was not in a coma but she did have multiple bruises, abrasions, scars, and old burn marks throughout her body. Dr. Pisani diagnosed Doris' condition as "consistent with battered child syndrome."

The defense presented testimony from a friend of the family, Velma Parker, who stated she observed the injured children with their maternal grandmother approximately one week prior to defendant's arrest. Defendant's wife, Delores Westley, also testified on behalf of the defendant. She stated defendant on occasion had to punish the children and also that many of the scars and bruises on the children were present when the children returned from living with their grandmother out of state.

The defense rested and requested the judge rule as to the competency of seven year old Doris Westley. The judge ruled Doris competent and allowed her testimony to stand. He then found Daniel Westley guilty on two counts of aggravated battery and sentenced him to from two to five

years in the Illinois State Penitentiary. It is from this sentence defendant appeals.

■■ The first issue presented for review is whether the trial judge abused his discretion in ruling Doris Westley, age seven, competent to testify. The law in Illinois is well settled that the decision of the trial judge may be reviewed but, because of his unique position and the latitude of his discretion, his decision will not be reversed unless there has been an abuse of discretion or a manifest misapprehension of legal principle. *People v. Sims* (1969), 113 Ill.App.2d 58.

■■ Defendant contends the trial judge abused his discretion in that he only held a brief and limited inquiry in establishing Doris' qualifications to speak as a witness. We see no reason requiring that the trial judge hold a lengthy inquiry into the competency of a witness under fourteen years of age if it is apparent to the trial judge the witness is sufficiently mature under the criteria set forth in *People v. Sims, supra.* In establishing the criteria to be used in determining competency, the court said:

"If testimony is to be permitted, the court's inquiry must, with reason, satisfy the judge that the witness is sufficiently mature (1) to receive correct impressions by his senses, (2) to recollect these impressions, (3) to understand questions and narrate answers intelligently, and (4) to appreciate the moral duty to tell the truth (and comprehend the meaning of the oath.)"

In light of these criteria, the record does not reflect any place where the trial judge abused his discretion in ruling Doris Westley competent to testify. We, therefore, affirm the judgment of the trial court in allowing Doris Westley to testify.

The second issue presented by the defendant on appeal is whether the trial court improperly shifted the burden of proof to the defendant. The defendant contends a statement by the trial judge at the close of all the evidence shifted the burden of proof to the defendant and deprived him of his presumed innocence.

■■ After reviewing the record, it is apparent the trial judge found the defendant guilty based on the strength of the evidence presented against him. The judge said he believed Doris Westley to be a credible witness. In a bench trial, the credibility of witnesses is a matter to be determined by the trial judge. (*People v. Schumacher* (1967), 90 Ill. App.2d 385.) Further, the testimony of a single, credible witness is sufficient to identify an accused as an offender and sustain a conviction, even if such testimony is contradicted by the accused. *People v. Faulkner* (1966), 69 Ill.App.2d 371.

■■ The trial judge indicated Doris Westley's testimony alone was suf-

672

ficient to find the defendant guilty. In light of this fact, we believe the defense has misconstrued the statement of the trial judge which allegedly shifts the burden of proof to the defendant by taking it out of context. We, therefore, view the defendant's contention as totally lacking merit.

The final issue presented by the defendant is whether the sentence imposed by the trial court, two to five years in the Illinois State Penitentiary, is excessive.

■■■ Defendant contends the sentence should be reduced to probation. This contention is not well taken. In *People v. Taylor* (1965), 33 Ill.2d 417, the court held the sentence of the trial court should not be disturbed unless it appears the penalty constituted a gross departure from the norm for sentences for similar offenses. The statutory penalty for aggravated battery is imprisonment for "one to ten years." (Ill. Rev. Stat., 1967, ch. 38, par. 12—4.) It is the view of this court that the facts evident upon review of the record demonstrate defendant's sentence is within the statutory limits prescribed for the offenses for which the defendant was convicted, and as such, we believe the trial judge imposed a proper sentence.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.