MARGEY ANN CROWNOVER, Plaintiff-Appellee, *v.* PAUL CROWNOVER, Defendant-Appellant.

(No. 75-35;

Third District—November 7, 1975.

James J. Gende, of Moline, for appellant.

Dennis A. DePorter, of Braud, Warner & Neppl, of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Rock Island County Circuit Court which denied the petition of defendant Paul Crownover for a change of custody of the children of defendant Paul Crownover and plaintiff Margery Ann Crownover. It is contended on appeal that the trial court committed reversible error in not permitting the defendant to call the children as witnesses in a proceeding involving a contest as to the custody of the children.

Defendant and plaintiff were divorced on May 10, 1974. The custody of their children (four young girls, aged 11, 10, 8 and 5) was awarded to the mother, Margey Ann Crownover. On August 9, 1974, defendant Paul Crownover filed an amended petition alleging various changes in circumstances in requesting that the custody of the minor children be awarded to him.

At the hearing, defendant attempted to call one of the children, the oldest child, as a witness. The court refused to allow such child to be called as a witness and stated:

"I don't think I should hear any testimony from the children. I think if you will examine the law to this sort of hearing, it isn't supposed to be argued, they are not considered proper witnesses * * * the court is not supposed to consider in determining a custody, the desires of the children and, in view of their ages, I don't think I particularly care to entertain their testimony. * * *"

Counsel for defendant advised the court that the child was being called to present evidence material to the allegations of the petition, not to express a preference for one parent or the other. He asserted that

Pam, the oldest child, would testify that she and her three sisters shared a single mattress in a room for several weeks; that the girls were harassed and threatened by their mother, her boyfriend and two teenaged boys who were also living there. She likewise could testify, the attorney stated, that the children were often left to fend for themselves at meal time and that the mother threatened the oldest child concerning what she should tell the mother's attorney on a visit to his office.

On appeal in this court, an argument is made by defendant that he was denied a full and fair hearing on his petition by reason of the court's arbitrary refusal to hear the testimony of Pam or any of the children. Much of the argument on both sides of the issue in this court is directed to the propriety of *in camera* interviews with the children in custody cases and whether or not the trial court is obligated to take into consideration the preference of the child in such case. It appears that the appellant would have been satisfied with an *in camera* interview with the child by the court and that the court declined to interview the child in this manner.

■■ It has been noted in a number of cases the preference of a child in a custody case may often be an important element for consideration by the courts. (*Swanson v. Swanson* (3d Dist. 1971), 1 Ill.App.3d 753, 755, 274 N.E.2d 465.) Such preference, necessarily, is not controlling. (*Patton v. Armstrong* (5th Dist. 1974), 16 Ill.App.3d 881, 882, 307 N.E. 2d 178.) Additionally, such preference, standing alone, would not warrant a change in the custody. (*Shores v. Shores* (2d Dist. 1970), 119 Ill. App.2d 85, 89, 255 N.E.2d 214.) The child's preferences, however, are normally entitled to receive some consideration depending upon the circumstances in each case. (See Annot., 4 A.L.R.3d 1396, 1402, 1426 (1965).) The cases in this State suggest that the child's preferences may be ascertained by the court either from the witness stand, or in chambers, in the court's discretion. See *Oakes v. Oakes* (1964), 45 Ill.App.2d 387, 394, 195 N.E.2d 840. See also *In re* Ross (1975), 29 Ill.App.3d 157, 329 N.E.2d 333.

The issue before us, however, is not clearly established in any of the cases referred to, and poses a question as to whether the trial court can refuse to hear substantive evidence relating to the allegations of a custody petition, when the evidence is sought to be presented through testimony from a child who is the subject of the petition.

The allegations of the defendant's petition were that the mother often left the girls alone, sometimes late into the evening; that she often left the children with a babysitter; that she mistreated them; that they lacked adequate care and that their physical condition was not satisfactory. The testimony which, presumably, was to be given by the daughter Pam

would be material to such allegations, and might be the only source of evidence as to some or all of the allegations.

■■ The first hurdle in determining whether a child should testify is to determine whether the child as an 11-year-old witness was competent to testify. This inquiry must necessarily be made by the court under the guidelines of *People v. Sims* (1st Dist. 1969), 113 Ill.App.2d 58, 61, 251 N.E.2d 795, and *People v. Ballinger* (1967), 36 Ill.2d 620, 621-622, 225 N.E.2d 10. No effort was made by the court to confer *in camera* with Pam and determine whether or not the child's testimony should be heard in any event. We agree that there is a certain amount of discretion vested in the trial court, in conducting proceedings of this type. The court should not, however, reject outright proposed testimony of a child in custody proceedings, where the omission of such crucial testimony might be harmful to the child's best interests. The trial court should take great pains under such conditions at least to conduct an *in camera* conference with the child to determine the competency of the child, as well as the competency of any evidence which the child might present. The court should also then determine whether the best interests of the child would be served by permitting her to testify or be sheltered from testifying and being subjected to vigorous cross-examination. A report of the essential material matters developed at the *in camera* conference should be made of record by the trial court, and the court should state the reasons for allowing or disallowing the testimony of the child, and also note the factual information which the court developed from the conference with the child which would be considered by the court in its ultimate determinations in the case. *Layton v. Miller* (5th Dist. 1975), 25 Ill.App.3d 834, 838, 322 N.E.2d 484.

Generally, the testimony of a child called as a witness in a divorce case should not be excluded for reasons other than competency or evidentiary defects or for the protection of the child. (24 Am. Jur. 2d *Divorce and Separation* § 413 (1966).) There should not be a summary refusal to inquire as to the competency of the 11-year-old child to testify and also of the competency of the proposed testimony of such child in a change of custody proceeding. See *Kreutzer v. Kreutzer* (1961), 226 Ore. 158, 359 P.2d 536.

■■ We conclude, therefore, that while there is no absolute right to present the testimony of a child in a custody proceeding, the trial court should not summarily refuse to hear such witness on grounds such as stated by the court in this case. The court should have conducted, on its own motion, an *in camera* interview with the child and should then make a determination, after reporting to the parties the results of the *in camera* interview and the reasons for the court's determination as to what con-

sideration would be given information developed in the *in camera* interview.

A refusal of consideration of what the 11-year-old child would say, without a basis in the record for so doing, denies to the party seeking to call the child as a witness a fair hearing, and, also, denies to the child or children the right of the court to be advised of pertinent facts which may be material to a determination of what is in the best interests of the children in the custody proceeding. *Henrikson v. Henrikson* (3d Dist. 1975), 26 Ill.App.3d 37, 39, 324 N.E.2d 473. See also *In re Ross* (1975), 29 Ill.App.3d 157, 329 N.E.2d 333.

For the reasons stated, the order of the Circuit Court of Rock Island County is reversed and this cause is remanded with directions to the trial court to conduct a new hearing on the petition in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.