571 So.2d 270 (1990)
Rosie P. JETHROW
v.
Albert E. JETHROW.
No. 89-CA-0935.
Supreme Court of Mississippi.
November 28, 1990.
*271 Tammy L. Woolbright, Woolbright & Mitchell, Columbus, for appellant.
H.J. Davidson, Jr., Carter & Davidson, Columbus, for appellee.
Before HAWKINS, P.J., and ANDERSON and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the court:
Rosie P. Jethrow appeals from the denial of her complaint for divorce against Albert E. Jethrow in the chancery court of Lowndes County. Because the chancellor erred in excluding their child's testimony simply because this was a divorce proceeding, we reverse.

FACTS
Rosie P. Jethrow filed her complaint for divorce in the chancery court of Lowndes County July 25, 1988, against Albert R. Jethrow, on the grounds of adultery and habitual cruel and inhuman treatment.
During the divorce hearing in July, 1989, the chancellor refused to permit Rosie to call their eight-year-old child as a witness to testify to acts of violence against her by Albert. It also was brought out at the hearing that Rosie continued to reside in the house with Albert at least until July 19, the date of the trial. She testified that she could not afford another place to live on her wages, and her two brothers also testified that there was no room for her and her children in their father's or their home. Rosie and Albert continued to occupy the same bedroom after she filed for divorce. She testified she slept in her son's room three or four times a week, but Albert would allow her no rest unless she returned to their bedroom. She denied having any sexual relationship with him following her filing for divorce.
When Rosie had rested, the chancellor sustained Albert's motion to dismiss, stating:

*272 ... This bill for divorce was filed a year ago  July 25, 1988. This is the fourth regularly scheduled three-week term of Court to have been held since the filing of the divorce. The parties have continued to live together in the marital domicile and to share and occupy the marital bed.
The clearly announced public policy of the State of Mississippi is in favor of and support of marriages. To have maintained the marital residence for 360 days, the proof presented does not rise to the level to even be impressive, much less convincing.
The motion will be sustained.
Rosie has appealed.

LAW

I. EXCLUDING TESTIMONY OF CHILD WITNESS
Our case law as to child witnesses of tender years has generally held that it was discretionary with the trial judge. Wilson v. State, 221 So.2d 100, 102 (Miss. 1969); and before allowing such testimony the trial judge "should satisfy himself that the child has the ability to perceive and remember events, to understand and answer questions intelligently, and to comprehend and accept the importance of truthfulness." House v. State, 445 So.2d 815, 127 (Miss. 1984). In Ivy v. State, 522 So.2d 740 (Miss. 1988), a criminal assault case in which we affirmed the circuit court allowing a five-year-old child to testify, we held:
Mississippi Rules of Evidence 601 provides that "[e]very person is competent to be a witness except as restricted by Mississippi Code Sections 13-1-5 (competency of spouses) and 13-1-11 (persons convicted of perjury or subornation of perjury), or by these rules." Mississippi Rule of Evidence 601, like Federal Rule of Evidence 601, abolishes all grounds for disqualifying a witness, except for those listed in the Mississippi Rule. This is not to say that a trial judge may not still have power to keep a witness from testifying. The trial judge simply must shift his attention from the proposed witness to the proffered testimony and from competency to relevancy, looking to Mississippi Rules of Evidence 401 and 403. See 3 Weinstein's Evidence para. 601(04) (1987). Note too that Jennifer testified to personal knowledge and declared by oath that she would testify truthfully, and thus both Rule 602 and Rule 603 have been met, as well as our pre-rule standards. (Brackets original; emphasis added)[1]
Id. at 742.
Ivy, supra, should not be construed as holding that Rule 601 abolishes the precautions required in House, supra, before a trial judge permits a child of tender years to testify.
The chancellor in this case made no inquiry as to whether this child would be competent under Rule 601 or House, relying instead upon a well-known rule of many chancellors in this State against permitting children of the parties in divorce proceedings testifying. The rule is so well grounded in wisdom and common sense that it has never been challenged in this Court except in one case. In Powell v. Powell, 198 Miss. 301, 22 So.2d 160 (1945), this Court reversed because the chancellor would not permit a fifteen-and-one-half-year-old son of the parties to testify on behalf of the father in support of his charge of adultery.
... It is sufficient to say that the rule against permitting children of tender years to testify in a divorce proceeding between their parents has no application to a child as far advanced in years as the witness here involved ...
198 Miss. at 303, 22 So.2d at 160. Neither the opinion in Powell nor the briefs of counsel therein cited any decision by this *273 Court announcing any "rule against permitting children of tender years to testify in a divorce proceeding between their parents." We can only surmise that in Powell this Court simply recognized a well known chancery court rule and custom in divorce cases, and found it had no application in the facts of that case.
We conclude that there can be no per se prohibition against a child witness testifying in a divorce case between his parents. The right of every litigant to compulsory process for witnesses and have them testify under oath in court is so well grounded that any per se exclusion simply because he or she is a child of the divorcing parents risks offending the due process provisions of Amendments V and XIV of the U.S. Constitution, and Art. 3, Sec. 14 of the Mississippi Constitution.
Courts from other jurisdictions have struggled with this question. In Buck v. Buck, 320 Mich. 624, 31 N.W.2d 829 (1948), the Michigan Supreme Court observed:
... The practice of calling children of the parties as witnesses in a divorce action has been repeatedly disapproved by this Court. Counsel, if possible, should refrain from doing so. It is bad from a social viewpoint though not legally forbidden.
320 Mich. at 628, 31 N.W.2d at 831. Also, Glimcher v. Glimcher, 29 Ohio App.2d 55, 278 N.E.2d 37 (1971). While disapproving the practice and suggesting to trial counsel and trial courts to attempt to avoid doing so, Courts generally have held that a parent in a divorce proceeding has a right to call children of the marriage as witnesses.
Children of parties. In an action for divorce, the children of the parties are not necessarily excluded as witnesses. However, their evidence should be carefully considered and be supported by corroborating circumstances, especially as to fact witnesses by them at an age when they were probably unable to understand the significance of such facts, as, for instance the adulterous conduct of a parent.
27A C.J.S. Divorce, § 182, p. 357. Also, Beran v. Beran, 234 Neb. 296, 298, 450 N.W.2d 688, 691 (1990); M---- v. G----, 301 S.W.2d 865, 869 (Mo. App. 1957); Hepler v. Hepler, 195 Va. 611, 619, 79 S.E.2d 652, 657 (1954); Harris v. Harris, 461 So.2d 1332, 1334 (Ala. 1984); Schafer v. Schafer, 243 Or. 242, 243, 412 P.2d 793, 794 (1966); Kreutzer v. Kreutzer, 226 Or. 158, 161, 359 P.2d 536, 537 (1961); Nichols and Fleischman, 67 Or. App. 256, 259, 677 P.2d 731, 732 (1984); Harrison v. Harrison, 23 Utah 2d 294, 295-296, 462 P.2d 170, 171 (1969).
We find that before excluding the testimony of a child witness of tender years in a divorce proceeding, the chancellor at a minimum should follow the procedure required by Crownover v. Crownover, 33 Ill. App.3rd 327, 337 N.E.2d 56 (1975):
The first hurdle in determining whether a child should testify is to determine whether the child as an 11-year-old witness was competent to testify. This inquiry must necessarily be made by the court under the guidelines of People v. Sims (1st Dist., 1969), 113 Ill. App.2d 58, 61, 251 N.E.2d 795 and People v. Ballinger (1967), 36 Ill.2d 620, 621-622, 225 N.E.2d 10. No effort was made by the court to confer in camera with Pam and determine whether or not the child's testimony should be heard in any event. We agree that there is a certain amount of discretion vested in the trial court, in conducting proceedings of this type. The court should not, however, reject outright proposed testimony of a child in custody proceedings, where the omission of such crucial testimony might be harmful to the child's best interests. The trial court should take great pains under such conditions at least to conduct an in camera conference with the child to determine the competency of the child, as well as the competency of any evidence which the child might present. The court should also then determine whether the best interests of the child would be served by permitting her to testify or be sheltered from testifying and being subjected to a vigorous cross-examination. A report of the essential material matters developed at the in camera conference *274 should be made of record by the trial court and the court should state the reasons for allowing or disallowing the testimony of the child, and also note the factual information which the court developed from the conference with the child which would be considered by the court in its ultimate determinations in the case. (citations omitted)
Generally, the testimony of a child called as a witness in a divorce case should not be excluded for reasons other than competency or evidentiary defects or for the protection of the child. (24 Am.Jur.2d, Divorce and Separation, A 415). There should not be a summary refusal to inquire as to the competency of the 11-year-old child to testify and also of the competency of the proposed testimony of such child in a change of custody proceeding. (citations omitted)
33 Ill. App.3rd at 330, 337 N.E.2d at 59.
We reiterate that parents in a divorce proceeding should if at all possible refrain from calling any of the children of their marriage, of tender years at least, as witnesses, and counsel should advise their clients against doing so except in the most exigent cases. The reason and wisdom behind this precaution need no amplification. We also hold, however, as we must that no parent can be precluded from having a child of the marriage in a divorce proceeding testify simply because of that fact.
We recognize that inherent in a decision such as this there is the danger of removing the brakes altogether from children testifying in divorce proceedings between their parents. Chancellors pressed for time cannot avoid the temptation to simply let every proposed child witness testify. It takes time and effort to stop the proceedings, listen to counsel, and then counsel with the child in chambers. We trust the chancellors of our State, however, that in dealing with the divorce cases which come through their courts they will continue to look after that child's own best interest before permitting him to get on the witness stand.

II. COHABITATION AFTER SUIT FILED
In sustaining the motion to dismiss, the chancellor considered the fact that Rosie continued to live in the same house with Albert until just before trial. That a divorce plaintiff continues to live under the same roof with the defendant after filing the complaint most assuredly is a heavy factor to be weighed in considering whether he or she has a valid cause; it does not in and of itself compel a denial of divorce. York v. York, 280 S.W.2d 553 (Ky.App. 1955); Miss. Code Ann. § 93-5-4 (Supp. 1990).[2] It is conceivably possible for valid grounds for divorce to exist despite this. We do not conclude from the chancellor's ruling, however, that he has adopted a per se rule of denial of divorce to parties who continue to cohabit until shortly before trial. Just almost, which seems about right.
Lawyers representing persons seeking a divorce have the obligation to advise and warn them about the undesirability of continuing to live in the same household following filing of suit. It is true that many times they are dealing with people below or very near the poverty level. They nevertheless have the obligation to seek and press for temporary hearings before the chancellor to secure alimony pendente lite and temporary support money.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Rule 601 of Mississippi Rules of Evidence states:

RULE 601. GENERAL RULE OF COMPETENCY
Every person is competent to be a witness except as restricted by M.C.A. § 13-1-5 (competency of spouses), § 13-1-11 (persons convicted of perjury or subornation of perjury, § 11-27-89 (court appointed appraisers in eminent domain cases), or by these rules.
[2] This code section, however, applies only to divorces on the grounds of irreconcilable differences. See 1976 Miss. Laws 451.