THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROSARIO MANGIARACINA, Defendant-Appellant.

Second District    No. 80-299

Opinion filed July 28, 1981.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Rosario Mangiaracina was convicted of rape and deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, pars. 11—1, 11—3) following a jury trial and was sentenced to eight years' imprisonment. He appeals, contending that the trial court erred in admitting evidence of other crimes and in permitting the testimony of a child witness, thereby depriving him of a fair trial.

The charges arose out of an incident which occurred on November 5, 1979. The complaining witness testified that while she was on her way home from picking up her children at a neighbor's at approximately 12:30 a.m., a man wearing a ski mask and carrying a large knife attacked her in front of her home and forced her inside. She identified the man as defendant. Her children were put to bed, and defendant then forced her to have sexual intercourse and perform a deviate sexual act. She said he was holding the knife over her eyes and cut her finger. Defendant finally left at 4 a.m. After comforting her children she called the neighbor and told her what had happened and also called another friend.

There was testimony of both the neighbor and the friend corroborating the calls and complaints of rape. A doctor who saw the victim later in the day found a small laceration on her finger and an abrasion on her left cheek.

The State called the victim's 7-year-old daughter, whom the court questioned and found competent over defendant's objection. The child

testified that on the night in question defendant "hopped on my ma's back."

Defendant testified that he had moved in with the victim in December of 1978 and that they had had sex frequently during their relationship, which ended because she was seeing other men. He stated that the victim called him at work on November 4, 1979, and asked him to see her at home that evening. He denied that he wore a ski mask or carried a knife. He stated that she willingly engaged in sexual activities with him.

Prior to trial defendant had made a motion *in limine* to preclude the State from presenting evidence of past misdemeanor convictions or possible criminal activity arising out of prior contacts between defendant and the complaining witness. On the State's objection the court reserved its ruling until the trial. At trial defendant renewed the motion. In chambers the prosecutor recited a list of incidents that allegedly occurred from June through November 1979, some of which involved the defendant and some of which involved third parties. The State argued that the incidents were relevant to disprove defendant's consent defense by showing the prior relationship between the parties.

The court ruled that the incidents between defendant and third parties were inadmissible but that incidents involving the victim would be admitted, to show defendant's "purpose and his bellicosity towards the complaining witness." Accordingly, the complaining witness was permitted to testify that she met defendant in October of 1978; they began dating immediately and saw each other three or four times a week, and stopped dating in March or April of 1979. They had sexual intercourse on the first date and had it "pretty steady" after that. The day she terminated the relationship defendant was in her living room and refused to leave. He then "forced sexual intercourse" on her, but she did not report it because she was scared and did not want to hurt her family.

The witness then related a series of incidents involving defendant which took place before November 5, 1979. On several occasions defendant called her on the phone and threatened her children. One night in July she was playing pool with a boy friend when defendant attacked the friend with a pool stick. On another occasion defendant blocked the friend's van in which they were riding and had 30 people pounding on the van trying to get in. She also said that defendant struck her several times on different occasions and that once he was riding a motorcycle and began kicking her car causing her children to scream.

The defendant denied having sex against the complainant's will in March of 1979. He also offered several witnesses who testified to his good reputation for truthfulness and honesty.

The State offered an instruction which stated that the "other crimes"

evidence should be considered solely on the issue of defendant's "intent and design." Defendant tendered an instruction which stated that the other crimes evidence should not be considered in determining defendant's guilt. The court declined to give either instruction and noted that the evidence was admitted to show "the previous relationship between the parties."

It is clear that evidence which tends to prove a fact in issue or goes to show motive, intent, and identity, absence of a mistake or *modus operandi* is admissible although it may show the commission of a separate offense but is not admissible if its only relevance is to show propensity to commit a crime. *People v. McDonald* (1975), 62 Ill. 2d 448, 455.

The State maintains that the testimony concerning the alleged prior rape in March of 1979, as well as the other incidents, was admissible to show defendant's intention and to corroborate the complaining witness' lack of consent. Defendant argues that the crimes of rape and deviate sexual assault here charged do not involve specific intent and that the prior incidents do not fall within any of the other exceptions to the general rule, making evidence of other crimes inadmissible.

■■ We are not persuaded by the State's argument that the evidence in question was admissible to show defendant's intent. In effect, the State is arguing that since an element of the offense of rape and deviate assault is defendant's intention to commit the acts without consent that the evidence is admissible on the intent exception of the other crimes proscription. Neither rape nor deviate sexual assault are defined as requiring proof of any particular mental state. (Ill. Rev. Stat. 1979, ch. 38, pars. 11—1, 11—3). The only intent required to be proved to support these charges is the intent to perform the physical acts which constitute the offenses. (*People v. Utinans* (1977), 55 Ill. App. 3d 306, 315.) Thus, whether the defendant intended to commit the offenses without the victim's consent is not relevant, the critical question being whether the victim did, in fact, consent. This involves her mental state, not the defendant's.

We agree with defendant's contention that the testimony as to the other incidents was not admissible purely as corroboration of the victim's claim of force and lack of consent. Evidence may not be admitted for the independent purpose of enhancing the credibility of a witness and adding corroboration to his testimony. *People v. Romero* (1977), 66 Ill. 2d 325, 329-32.

■■■ However, we conclude that the evidence was relevant to show the principal fact in issue, whether the victim consented. The disputed evidence tends to show the victim's state of mind, specifically whether she consented to the acts charged to have occurred on November 5, 1979. Once the evidence is determined to be relevant it does not become inad-

missible simply because there is other testimony, the display of a knife by the defendant, indicating a lack of consent, so that the relevant evidence becomes incidentally corroborative.

In this case it was obvious that the defense would rely on the nature of the prior consensual relationship between the victim and the defendant. It should be noted that the "rape shield" Act expressly states that "evidence concerning the past sexual conduct of the alleged victim with the accused" is admissible. (Ill. Rev. Stat. 1979, ch. 38, par. 115—7.) It was, of course, the defendant's theory that the admitted consensual prior relationship continued to the time of the acts charged. It was probative for the prosecution to show the extent to which the prior relationship had deteriorated and to bring in testimony as to a particular prior nonconsensual act. In our view the effect of the evidence, although of course prejudicial to the defendant's theory of the case, was probative of a fact in issue, and necessary particularly since the defendant denied the use of force and the presence of a knife. *People v. McDonald* (1975), 62 Ill. 2d 448, 455.

■■■ We further conclude that the trial judge did not abuse his discretion in finding the daughter of the complaining witness competent to testify. The record shows that the trial judge addressed the proper criteria: the ability of the witness to receive correct impressions from her senses, to recollect, to understand questions, express answers and to appreciate the moral duty to tell the truth. (*People v. Seel* (1979), 68 Ill. App. 3d 996, 1004.) The reviewing courts grant large discretion to the trial court in this area. (See, *e.g., People v. Ballinger* (1967), 36 Ill. 2d 620, 622-23.) Here, the witness correctly gave her name, age, her grade in school, and the name of her teacher. She also evidenced an understanding of the duty to tell the truth and was able to distinguish facts she knew from those she was not sure of. There was no abuse of discretion in finding the witness competent to testify.

The judgment is affirmed.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.