THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS WEIS, Defendant-Appellant.

Second District   No. 82—339

Opinion filed December 20, 1983.

G. Joseph Weller and Manuel Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

James S. Williams, State's Attorney, of Mt. Carroll (Phyllis J. Perko and Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Dennis Weis, was convicted of deviate sexual assault (Ill. Rev. Stat. 1981, ch. 38, par. 11—3) and unlawful restraint (Ill. Rev. Stat. 1981, ch. 38, par. 10—3) and was sentenced to concurrent terms of imprisonment of nine years and two years. The jury was unable to agree on a charge of rape against defendant and it was *nolle prossed.* Defendant appeals, contending he was denied a fair trial when the State was permitted to introduce evidence of other offenses by him against the complainant which oc-

curred prior to the offenses for which he was being tried, and, that he was improperly convicted and sentenced for both deviate sexual assault and the lesser included offense of unlawful restraint.

Evidence introduced in trial that defendant and the complainant, Karen Garrow, had lived together for about 2½ years when she ended the relationship in July 1981. On September 12, 1981, defendant forcibly abducted Karen from her place of employment at knife point and drove her to a secluded area of a campground in rural Carroll County. During the drive she resisted his attempts to unfasten her clothing and at one point he cut the center strap of her brassiere with his knife. On a stop en route defendant demanded she perform fellatio on him, suggesting he might drown her in a nearby pool of water if she did not comply. She refused, testifying in trial she had never performed that act while living with defendant.

At the campground, defendant engaged in sexual intercourse with Karen and the parties disputed in trial whether or not she had consented to do so. Afterwards, while sitting in the car talking, a truck approached and defendant held his knife against her legs telling her not to cry out. When the truck passed, defendant opened his trousers and again demanded she perform an act of fellatio, telling her he would slash her breasts if she refused. He forced her head down and she complied with his demand.

A short time later two men walked nearby and Karen exited the car and asked for their help. She told the men she had been abducted that morning and had to call the police. The men described Karen's eyes as red and puffy and that she looked as though she had been crying. Defendant also left the car and threatened to kill himself, telling her to turn around and watch him. He then drove off, going first to the cemetery where his parents were buried, then to the sheriff's office where he advised officers he had done something wrong and believed the best thing was to come in rather than having them look for him.

Defendant testified on his own behalf, corroborating much of the complainant's testimony. He stated, however, that the sex acts between them were consensual and he did not threaten her with his knife at the time the acts of intercourse and fellatio occurred.

Testimony relating to defendant's conduct towards the complainant on other occasions was also adduced by the State, over defendant's objections, which he asserts were erroneously admitted in evidence.

Karen testified she had brought charges of aggravated assault and battery against defendant after an altercation between them on

August 3, 1981, and the State introduced into evidence a certified copy of defendant's battery conviction. It was also brought out by defendant's counsel in cross-examination of Karen that defendant had actually raped her on August 3, although she had not reported that aspect of the matter to the police. Karen also testified that in July 1981, after she had moved out of the apartment they shared, defendant attempted to have sexual intercourse with her in his house where she was visiting. Subsequently, on cross-examination of defendant, the State questioned him regarding that incident and he stated he had then desired to have sex with her, but she ran out of the house. He stated that he attempted to dissuade her from leaving and in doing so accidentally broke a window in her car.

Susan Garrow, Karen's sister and roommate, testified that she, Karen and two men friends were in a restaurant on September 11, 1981, when defendant arrived. Their friends persuaded defendant to leave the restaurant, but when they all later went to the parking lot defendant was waiting. He approached the group and Karen told him to leave; he did so after remarking, "As long as I'm suffering she is going to suffer too." When Karen and Susan returned to their apartment later that night they found someone had been there and Karen's bedroom closet was disarrayed. Karen testified that during her abduction the next day defendant told her he had broken into the apartment and waited for her for a time in her closet, planning to "have" her when she arrived. Karen further testified that when she advised defendant her sister would have been with her, defendant stated, "Well, I'll have her too."

Defendant contends first he was prejudiced by the admission of evidence of misconduct by him against the complainant which was not related to the offenses for which he was being tried. He argues the State violated the rule prohibiting introduction of evidence that "the accused is a bad man and thus more likely to have committed the crime," citing, *e.g.*, McCormick, Evidence sec. 190, at 447-48 (2d ed. 1972); *People v. Novotny* (1922), 305 Ill. 549, 137 N.E. 394; *People v. Copeland* (1978), 66 Ill. App. 3d 556, 384 N.E.2d 391; *People v. Butler* (1975), 31 Ill. App. 3d 78, 334 N.E.2d 448.

Generally, evidence of crimes other than those for which a defendant is being tried is not admissible, but there are well-recognized exceptions to the rule. In *People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, the court noted:

> "Evidence which tends to prove a fact in issue is admissible though it may be evidence showing that the accused has committed a crime other than the one for which he is being tried,

and evidence which goes to show motive, intent, identity, absence of mistake or *modus operandi* is admissible though it may show the commission of a separate offense. [Citations.] In fact it has been broadly held that evidence of other offenses is admissible if relevant for any purpose other than to show propensity to commit a crime. [Citations.]"

■ In this case defendant admitted that the sex acts for which he was charged did, in fact, occur; he asserted, however, they were with the consent of the complainant. She acknowledged she formerly had a consensual sexual relationship with defendant, but testified it had ceased prior to the day of the offenses for which he was charged. Necessarily, the State was required to produce evidence in support of the complainant's testimony in trial that defendant's conduct on September 12, 1981, was against her will. This court considered very similar circumstances in *People v. Mangiaracina* (1981), 98 Ill. App. 3d 606, 424 N.E.2d 860, *appeal denied* (1981), 85 Ill. 2d 580, where evidence of other offenses against the complainant and persons with whom she was associating was admitted in trial, including a prior rape of her. The court concluded such evidence was relevant to show the principal fact in issue, whether the victim had consented, by evidence showing the extent to which the prior relationship of the parties had deteriorated. (98 Ill. App. 3d 606, 609-10.) So too in the present case, testimony defendant had an altercation with complainant and her friends and broke into complainant's bedroom on the night before the principal offenses, and later stated he had planned to "have" her; that he was convicted of a battery of her a month earlier in a confrontation in which she had also been raped by him, and that he earlier had sought to have sexual intercourse with her against her will, is relevant to the issue of consent asserted by defendant. As in *Mangiaracina* such evidence clearly was prejudicial to defendant's theory of the case, but was relevant and probative of the issue before the jury. In these circumstances, we agree with the ruling of the trial court that the probative value of the disputed evidence outweighed its prejudicial effect and find it did not abuse its discretion in admitting it. See also *People v. Copeland* (1978), 66 Ill. App. 3d 556, 558, 384 N.E.2d 391; *People v. Lighthart* (1978), 62 Ill. App. 3d 720, 723, 379 N.E.2d 403.

■ We note too that the evidence defendant had raped complainant in the August 1981 battery incident was brought before the jury during his cross-examination of the complainant. He is now estopped to complain of error in its admission. *Casson v. Nash* (1978), 74 Ill. 2d 164, 172, 384 N.E.2d 365.

Defendant also asserts that his conviction and sentence for unlawful restraint must be vacated as a lesser included offense of deviate sexual assault for which a judgment of conviction and sentence was also entered. *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

The offense of deviate sexual assault is defined as follows:

"Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault." Ill. Rev. Stat. 1981, ch. 38, par. 11—3.

The offense of unlawful restraint is defined as follows:

"A person commits the offense of unlawful restraint when he knowingly without legal authority detains another." Ill. Rev. Stat. 1981, ch. 38, par. 10—3.

In *People v. Coleman* (1980), 83 Ill. App. 3d 429, 434-35, 403 N.E.2d 1266, and *People v. McCann* (1979), 76 Ill. App. 3d 184, 187, 394 N.E.2d 1055, this court concluded that all of the elements of the offense of unlawful restraint were necessarily included within the offense of rape. (Ill. Rev. Stat. 1981, ch. 38, par. 11—1.) The State here argues generally that as deviate sexual assault does not require proof the victim was detained, unlawful restraint is not a lesser included offense of deviate sexual assault. We do not agree.

Although deviate sexual assault is a distinct offense from rape (*People v. Brown* (1976), 41 Ill. App. 3d 641, 650, 354 N.E.2d 602, *appeal denied* (1976), 64 Ill. 2d 597), the distinction lies only in the nature of the sexual violation involved; each offense, however, inherently involves the element of the unlawful detention of the victim. We conclude that the lesser included offense of unlawful restraint must, therefore, be vacated.

Accordingly, the conviction and sentence for unlawful restraint is vacated and the judgment of the circuit court is otherwise affirmed.

Affirmed as modified.

LINDBERG and UNVERZAGT, JJ., concur.